UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Justin L. Byrne,

    Plaintiff,

        v.                                Civil Action No. 1:12-cv-245

Mary Trudell, Jenna Goguen,
Joanne Pereira, Tom Dunn,
Jeffrey Leggio, Andrew Pallito,
Dave Nesbitt,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 61)

Plaintiff Justin L. Byrne, proceeding *pro se* and *in forma pauperis*, commenced this action against Defendants Mary Trudell, Jenna Goguen, Joanne Pereira, Tom Dunn, Jeffrey Leggio, Andrew Pallito, and Dave Nesbitt, alleging common-law negligence and defamation and constitutional rights violations pursuant to 42 U.S.C. § 1983.  (Doc. 4 at 4.)  Pending before the Court is Defendants' Motion to Dismiss for Failure to Prosecute under Fed. R. Civ. P. 41(b) and failure to comply with discovery obligations under Fed. R. Civ. P. 37.  (Doc. 61.)  Byrne has filed no response.  On June 3, 2014, a hearing was held on Defendants' Motion.  Emily A. Carr, Esq. appeared on behalf of Defendants.  Byrne did not appear.

For the following reasons, I recommend that Defendants' Motion to Dismiss be GRANTED.

**Factual Background**

The following summary of relevant facts is based on allegations made in Byrne's Complaint. On May 17, 2012, the State of Vermont released Byrne from incarceration following his completion of a custodial sentence for a probation violation. (Doc. 4 at 4.) Upon release, he remained on probation with orders to report to a supervising officer and observe conditions of continued supervision. (*Id.*) For seven years, Byrne successfully complied with probation conditions, including treatment, counseling, and community service. (*Id.*) At 11:30 p.m. on May 27, 2012, two Field Supervision Unit officers, Defendants Jeffrey Leggio and Dave Nesbitt, made an unannounced visit to the residence where Byrne lived with his grandparents, and performed a warrantless search. (*Id*. at 5.) Byrne repeatedly asked Leggio and Nesbitt "if this was legal and if the time was reasonable according to the laws and procedures of probation." (*Id.*) Leggio and Nesbitt told Byrne that they could "visit [him] 365/24/7" and that they had come earlier when he was not home. (*Id*.) They asked Byrne why "[two] or three underage girls" were at the residence, a violation of his probation conditions. (*Id*.)

On June 29, 2012, Defendants Goguen and Trudell, Byrne's probation officers, interrogated Byrne and cited him for violating probation conditions. (*Id.*) Byrne was convicted of the violation charge and returned to prison, resulting in the loss of "all existing business that he had and clients that were recently a[c]quired" and "many r[e]lationships." (*Id*. at 6.) While incarcerated, Byrne was "punished" as a result of "false information sent in emails from probation officer[s] . . . to multiple guards and case workers at the facility." (*Id.*)

**Procedural Background**

Byrne asserts Eighth Amendment and Fourteenth Amendment due process claims against all Defendants; negligence and defamation claims against Defendants Goguen, Trudell, Pereira, Dunn, and Pallito; and Fourth Amendment claims against Defendants Leggio and Nesbitt.  (*Id*. at 8.)  He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.  (*Id.* at 8–9.)

On May 21, 2013, this Court adopted a Report and Recommendation granting in part and denying in part Defendants' motion to dismiss for failure to state a claim.[1] (Docs. 24, 28.)  On August 28, 2013, Byrne moved for a temporary restraining order ("TRO") to prohibit Defendants Leggio and Nesbitt from entering a property where he was residing in Wolcott, Vermont.  (Doc. 36.)  Byrne reported that he was no longer incarcerated and was residing at 783 North Wolcott Road, Wolcott, Vermont.  (Doc. 34.) On October 9, 2013, the Court held a hearing on Byrne's motion for a TRO.  (Doc. 45.) Notice of the hearing had been sent to Byrne at his Wolcott address.  (Doc. 44.)  Byrne did not appear for the hearing, and the Court rescheduled it for a later date.  On October 23, 2013, Byrne appeared at the rescheduled hearing on his motion for a TRO and withdrew the motion, informing the Court that it was moot.  (Doc. 54.)  The Court has not heard from Byrne since that date.

---

[1] Therein, the Court dismissed the following claims: all section 1983 claims for money damages brought against Defendants Pallito and Pereira in their official capacities; all Fourteenth Amendment claims against Defendants Pereira, Dunn, Leggio, and Nesbitt; all Eighth Amendment claims; all claims seeking immediate release from incarceration; all claims for punitive damages against Defendants Leggio, Nesbitt, Pallito, Pereira, and Dunn; and all state tort claims against Defendants Pallito, Pereira, and Dunn. (Doc. 24 at 56–57.)

On September 19, 2013, the Court entered a Stipulated Discovery Schedule/Order prepared by the parties and ordered that discovery be completed by March 15, 2014. (Doc. 42.)  According to the discovery schedule, initial disclosures were due by October 15, 2013.  Defendants timely served interrogatories and requests for production of documents on Byrne, but Byrne failed to serve any initial disclosures.  He also failed to respond to Defendants' discovery.  On February 4, 2014, Defendants moved to compel discovery responses from Byrne.  (Doc. 57.)  Byrne did not respond to the motion.  On March 6, 2014, the Court granted Defendants' motion to compel as unopposed and ordered Byrne to respond to Defendants' discovery requests and produce initial disclosures as required by Fed. R. Civ. P. 26 by April 1, 2014.  (Doc. 58.)  The Court warned Byrne that failure to obey the Order or engage in discovery could result in sanctions, including dismissal of the Complaint.  A copy of the Court's Order was sent to Byrne via U.S. Mail at the Wolcott address Byrne had provided to the Court.

On April 4, 2014, Defendants filed the instant Motion to Dismiss for lack of prosecution, pursuant to Fed. R. Civ. P. 37 and 41(b), arguing that the Court should dismiss Byrne's remaining claims for failure to engage in discovery.  (Doc. 61.)  Defense counsel has provided a sworn affidavit setting forth appropriate service of discovery requests on Byrne and his failure to respond.  (Doc. 57-1.)  The Court scheduled a hearing on Defendants' Motion for June 3, 2014, and a notice of hearing was mailed to Byrne at his Wolcott address.  (Doc. 62.)  Prior to the hearing, the undersigned asked the Deputy Clerk to telephone Byrne at the number associated with Byrne's address in an effort to determine if Byrne was planning to appear at the hearing.  (Doc. 63.)  A female

4

answered the phone and advised the Deputy Clerk that Byrne no longer resided at the Wolcott address, though on occasion Byrne did pick up his mail there.  (*Id.*)

Byrne did not appear at the June 3rd hearing.  Attorney Carr represented to the Court that she had not communicated with Byrne via telephone (or otherwise) since January 30, 2014.  Carr suggested that attempts to serve Byrne using the Wolcott address appeared to have been successful, as two motions she had mailed to that address had not been returned as undeliverable.  Byrne has not filed a notice of change of address with the Court since he filed the August 28, 2013 notice advising that his proper address was the Wolcott address.  (Doc. 34.)

## Discussion

### I.   Dismissal Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with the[ federal] rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The rule further provides that unless otherwise stated a dismissal under Rule 41(b) operates as adjudication on the merits.

"[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . .

.[,] and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted).  Generally, no single factor is dispositive.  *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998).

Upon weighing the required factors, I recommend dismissal of Byrne's remaining claims against Defendants.  As discussed above, Byrne has failed to engage in any of the discovery set forth in the agreed-upon discovery schedule and in the Court's subsequent order compelling compliance, and his submissions and responses are long overdue[2].  Byrne did not appear at the October 9, 2013 hearing on his motion for a TRO, and did not appear at the June 3, 2014 hearing on Defendants' pending Motion to Dismiss.  He did appear at the October 23, 2013 hearing on his TRO motion but only to withdraw the motion.  On March 6, 2014, when the Court granted Defendants' motion to compel—which Mr. Byrne did not oppose—the Court expressly warned Byrne that failure to obey its order directing him to engage in discovery could result in sanctions, including dismissal of the Complaint.  A review of the court docket indicates that Byrne has not filed any discovery certificates, pleadings, or briefs since the September 2013 filing of the joint discovery schedule.  As noted above, he has not responded to the pending Motion.

The Court has taken care to strike a balance between alleviating calendar congestion and protecting Byrne, who appears *pro se*, by scheduling and rescheduling

---

[2] For example, Byrne's initial disclosures were due on October 15, 2013 (Doc. 42), and it is now almost eight months later with no submissions from Byrne.

6

hearings and providing additional time to comply with discovery requests.  As a result of Byrne's failure to participate in this litigation, however, Defendants have sustained the continuing prejudice that necessarily arises from delay in the litigation process.  I have given consideration to the imposition of lesser sanctions, but find that lesser sanctions would be ineffective.  The admonishment of a court order was insufficient to impress upon Byrne his need to comply with discovery obligations.  Limiting Byrne's discovery is not a viable option as Byrne has not sought any discovery from Defendants.  Furthermore, Byrne is proceeding *in forma pauperis* and thus it can be presumed he would be unable to pay a monetary sanction.

In sum, Byrne has abandoned this litigation.  Given his failure to comply with the Court's March 6, 2014 Order or otherwise engage in discovery or challenge Defendants' Motion to Dismiss, I conclude that dismissal of this action with prejudice pursuant to Rule 41(b) is the most appropriate sanction.

## II.     Dismissal Under Rule 37(b)(2)(A)(v)

Alternately, Byrne's failure to observe the Court's September 19, 2013 and March 6, 2014 discovery orders (Docs. 42, 58) warrants dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v), which provides as follows: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part[.]"  Given the rule's requirement that the district court's order be "just," the court has "wide discretion" when imposing sanctions under Rule 37(A).  *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation

marks omitted). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Dismissal pursuant to Rule 37 is governed by the following non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers*, 694 F.3d at 159 (alteration in original) (internal quotation marks omitted). These factors are similar to those analyzed under Rule 41(b), discussed above. Despite filing responses to other motions in this case (*see, e.g.*, Doc. 32, Response in Opposition to Defendant's motion for enlargement of time to file answer), Byrne has not filed any response or objection to Defendants' discovery requests. This failure, combined with the failure to appear at the June 3, 2014 hearing, demonstrate Byrne's willful noncompliance. The duration of Byrne's noncompliance extends back to October 15, 2013, when he failed to serve initial disclosures pursuant to Rule 26(a)(1), as set forth in the stipulated discovery schedule.[3] (Doc. 42.) Again, the Court warned Byrne of the potential consequences of his noncompliance and provided him an opportunity to address the pending Motion in person. Yet Byrne has remained silent. As discussed above, the Court has considered sanctions less severe than dismissal, but

---

[3] Attorney Carr states in an Affidavit that she served Defendants' first set of Interrogatories and Requests for Production on October 14, 2013. (Doc. 57-1.)

Byrne's status as an *in forma pauperis* litigant appearing *pro se* lessens the potential efficacy of these sanctions. Accordingly, dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) is warranted.

## **Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Doc. 61) be GRANTED and all remaining claims against Defendants be DISMISSED with prejudice.

Dated at Burlington, in the District of Vermont, this 10th day of June, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).